The opinion of the court was delivered by
Tilghman, C. J.
This was an action of dower, brought by Margaret Barnet, widow of Thomas Barnet, against Frederick Barnet, the plaintiff in error. The defendant pleaded a release of dower by the plaintiff, who replied that she had not given a release, and on this issue was joined.
The first error assigned, is in the rejection of a record offered in evidence by the defendant, in an action of covenant, brought by the demandant against the executors of her late husband, on certain articles of agreement executed previous to their marriage, by which the husband covenanted, that in case he and his intended wife should live together ten years, he would pay her four hundred dollars. In this action, damages'were recovered for breach of Thomas Barnet’s covenant, in not paying the four hundred dollars. This evidence .was rightly rejected for several reasons. It had no relation to the issue joined, viz. release of dower, or no release by the demandant. It did not purport to be a release, nor had it any resemblance to one. Nor did it contain any agreement on the part of the demandant to accept the four hundred dollars in satisfaction of dower. If the husband had died within the ten years, and his wife had survived him, she would have taken no money by this agreement, and thus, according to the construction contended for by the defendant, she would have lost both dower and money. There was no error, therefore, in rejecting this evidence.
*73 The second error, is the opinion given by the court, that the acknowledgment of a deed from Thomas Barnet, deceased, and his wife, (the demandant,) for the conveyance'of the land in which dower is now claimed, was defective so far as concerned the wife, and not sufficient to bar her of her dower. It does not appear by the certificate of this acknowledgment, that the contents of the deed were made known to the wife, by the justice who took her acknowledgment, or that she did in fact know them. It has been expressly decided by this court, that this is an incurable defect; and therefore the opinion of the court below was right. Since the judgment in this case in the Court of Common Pleas, an act of assembly has been passed for curing defects in the acknowledgment of deeds by married women. Had this act been passed before the judgment below, it would have cured the defect above-mentioned in the demandant’s acknowledgment, and there would have been error in the court’s opinion. It is our unanimous opinion, that there is nothing unconstitutional in this act of assembly, but it is also our unanimous opinion that it does not extend, by retrospect, to render a judgment erroneous, which was entered before its passage. The question now to be decided, is, whether there was error in the judgment below at the time it was rendered, and we are of opinion there was not.
The third error assigned, is in the rejection of parol evidence offered by the defendant to prove that when the demandant made her acknowledgment, she knew the contents of the deed, and received eight dollars from Frederick Barnet, for executing .the deed. ’ That such evidence was inadmissible, was decided by this court in the case of Watson against Bailey. There may be cases of gross fraud, in which parol evidence would'be received, unless the land had passed into the hands of a purchaser for valuable consideration, without notice of the fraud. I have known two cases of forged deeds, where the justice who took the acknowledgment was imposed on by a person who assumed the name of" the supposed grantor. There parol evidence was received. And so I think it would be admissible to prove collusion between the husband and the justice, in consequence of. which it was falsely certified that the wife had appeared and made an acknowledgment such as is required by law. But there was nothing like fraud in the evidence offered by the defendant. Its object was to prove, that the certificate of the justice did not contain the whole truth, and comes exactly within the principle of Watson against Bailey.
The fourth and last error is, in the rejection of evidence offered by the defendant to prove the annual value of the land.
This evidence was improper. The demandant claimed no damages, because her husband did not die seised. For what purpose then, was the annual value to be inquired into? When the demandant takes out her writ of seisin, she will be entitled to one third, according to the value of the land at the time it was aliened *74 by her husband. The inquest must see to that, and the court has sufficient control over their proceedings to protect the defendant from wrong.
It is the opinion of the court, that the judgment should be affirmed. And the record is to be remitted to the Court of Common Pleas, in order that such further proceedings may be had, as are agreeable to law.
Judgment affirmed.