## BENNER *against* EVANS.

In an action of dower, *unde nihil habet*, the jury found a verdict, in general terms, for the demandant; upon which the court rendered a judgment, and awarded a writ of inquiry; in which a writ of seizin and of inquiry of damages were blended. By the return of the inquisition, it appeared that the husband had been seized in fee simple of the land, but did not die so seized; and the writ of seizin was not executed, but the inquest found, that the land, at the time of the alienation by the husband, was of the annual value of seventy eight dollars; and that the demandant had sustained damages from the issuing of her writ, to the value of thirty-seven dollars, and for her costs, six cents. The court set aside the inquisition as to the damages and costs, but entered judgment for the demandant, that she recover according to her writ of seizin and inquiry, the one third of seventy-eight dollars annually as found by the inquest. This was *held* to be erroneous. The Sheriff should have delivered to the demandant seizen of one third of the land, and laid it off by metes and bounds. The finding of the annual value, in a case where the husband does not die seized, is illegal; nor can the demandant in such cases recover costs.

ERROR to the Common Pleas of *Centre* county.

This cause, an action of dower, in which *Letty Evans*, widow of *Thomas Evans*, was plaintiff below, and *Philip Benner*, defendant, was submitted by the counsel, *Potter*, for plaintiff in error, and *Petrikin* for defendant in error, without argument. The facts are fully stated by *Justice Kennedy*, who delivered the opinion of the court.

The opinion of the court was delivered by

KENNEDY, J.—This was a writ of dower *unde nihil habet*, sued out of the court of Common Pleas of *Centre* county, by the defendant in error, against the plaintiff in error: to recover her dower in a tract of land situated and lying in *Spring* township in *Centre* county, containing between three and four hundred acres. The original writ and declaration are in the usual and approved forms. The defendant below pleaded *ne unques seisie que dower* and *ne unques accouple en loyal matrimonie;* to which the proper replications were put in by the demandant, and issue joined.

The jury found a verdict in general terms for the demandant, without saying any thing more, upon which the court rendered a judgment. The nature of this judgment was, that the demandant recover against the said *Philip Benner*, her seizin of the one third of the said tract of land with the appurtenances, to be held by her in severalty, by metes and bounds, and the said *Philip Benner* in mercy, &c. The jury having found in favor of the demandant, ought also to have inquired and ascertained, whether her husband died seized of the land or not; and if they had found

that he died seized, then to have found of what estate, the time of his death, the annual worth or value of the land, in all issues, according to their true value beyond reprises, to have assessed the damages of the demandant on occasion of the detention of her dower, over and above the value, as also over and above her costs. See **3** *Chitt. pl.* 603, *et seq. Dennis* v. *Dennis,* 2 *Saund.* 331---2. *Ib.* 44*e* [45] *note.* *Co. Lit.* 33.     But having found merely that he was seized, and omitted the rest, it was competent for the court below to supply this omission, by awarding a writ of inquiry. See 2 *Saund.* 44*e* [45] *note,* and the authorities there cited: and to blend the writs of seizin and of inquiry of damages together in the same writ, as was actually done in this case.   See 2 *Saund.* 45, *note,* where the form of this writ is given and 3 *Chitty Pl.* 607.

To the writ of seizin and inquiry of damages issued in this case, the sheriff, to whom it was directed, has made no return of his having delivered to the demandant seizin of one third of the tract of land with its appurtenances therein mentioned, to be held by her in severalty by metes and bounds, as he was thereby expressly commanded to do.   He has merely made a return of the inquisition taken by him, from which it appears that that part of the writ directing the giving of seizin, was not attended to or executed by him.   By the inquisition which he has returned, it is found, that the late husband of the demandant was seized of the land in fee simple, but that he did not die seized of it; and that the land with the appurtenances, at the time of the alienation of it by the husband, were of the clear yearly value of seventy-eight dollars, beyond reprises; and that the demandant had sustained damages, by reason of the detention of her dower, from the date of issuing her original writ, and commencing her action, to the value of thirty-seven dollars and forty eight cents: and for her costs and charges assessed, six cents.   The court below, upon exceptions filed to the inquisition and return of the sheriff, set aside the inquisition as to the damages and the costs, but entered judgment in favor of the demandant, "that she recover according to her writ of inquiry and seizin, the one third of the seventy-eight dollars annually, as found by the inquest."

It has been assigned for error, that the sheriff did not deliver to the demandant seizin of one third of the land with the appurtenances, to be held by her in severalty by metes and bounds, as by the writ he was commanded; and that the court below rendered a judgment upon the inquisition returned against the plaintiff in error, that he pay to the demandant annually one third of seventy-eight dollars, the value of the land at the time of alienation thereof by the husband.

It is manifest from the return of the sheriff to the writ of seizin and inquiry of damages, that he altogether mistook the nature of

(Benner *v.* Evans.)

the duty imposed upon him by it. He seems to have lost sight of that part of the writ, which required him to give to the demandant seizin of one third of the land, and to lay it off by metes and bounds from the rest of the tract. Without this, there could be no execution of that part of the writ. By the inquest, he has gone on, after finding that the husband of the demandant was seized of a fee simple estate in the land, but had aliened the same during his life, and therefore did not die seized, to report the annual value of the land beyond reprises, at the time of alienation, to be seventy-eight dollars, and to assess damages and costs over and above the value. Now as the inquest found that the husband did not die seized, the demandant had no right whatever to recover, under the statute of *Merton* 20, *Hen.* 3, *c.* 1, the one third of the annual value of the land, damages for the detention, nor yet costs, because costs are only given by the statute of *Glocester*, 6 *Fdw.* 1 *c.* 1. where damages are recoverable, see 2 *Saund.* 44e [45] *note.* the court below were therefore perfectly right in setting asside the assessment of damages and costs; and ought to have set asside the report of the annual value of the land, or at least to have disregarded it; but instead of doing that, they have made it the basis of a judgment, which they have rendered against the plaintiff in error, that he shall pay annually to the demandant, the one third of that value. If the inquest had no power or authority by law to inquire into and report the annual value of the land to the court, it would of course follow, that the court could not make it the foundation of a judgment against the plaintiff in error. Now it is only when the husband died seized of the land, that a judgment for money can be given in a writ of dower, *unde nihil habet,* against the defendant. If he did not die seized, then the demandant is only entitled to recover one third of the land itself, according to its value at the time of the alienation by the husband, to be held in severalty, and to be laid off to her by metes and bounds; and for this, and not any thing else, can she have a judgment. This doctrine is well and clearly set forth by *Serjeant Williams* in his note, and the authorities there referred to by him. 2 *Saund.* 44, *et seq.* as also by the decisions of this court. *Sharp* v. *Petit,* 3 *Yeates,* 38. 4 *Dal.* 212. *Thompson* v. *Morrow,* 5 *Serg. & Rawle,* 289. *Barnet* v. *Barnet,* 15 *Serg. & Rawle,* 72, and *Lineweaver* v. *Stoever* 17 *Serg. & Rawle* 297. The final judgment of the court below against the plaintiff in error, to pay to the demandant one third of the sixty-eight dollars, annually, was clearly wrong. The sheriff upon receiving the writ of seizin and inquiry, ought, after giving notice to the demandant and the defendant below, of the time when he would execute it, to have organized an inquest of twelve men at that time, upon the premises, and by them to have inquired of

what estate the husband was seized, and whether or not he died seized; and if they had found, as they did, that he had aliened the land and did not die seized, then the sheriff, by the inquest, ought to have proceeded to have set off by metes and bounds as much of the land in its then improved state, if any improvements had been made upon it adding to its value, after the alienation, as would have been equal in value to one third of the whole land without such improvements; but if it had been, that no improvements were made subsequently to the time of the alienation by the husband, then to have laid off one third of the land by metes and bounds, according to its value at that time, and to have delivered seizin of it to the demandant. This being done by the sheriff, he had no further duty to perform, but to make return of what he had done in this behalf to the court. This would have been endowing the widow, according to the principles laid down in the case of *Thompson* v. *Morrow,* 5 *Serg. & Rawle,* 289, which are most powerfully supported by the reasoning of the late Chief Justice. It would have been competent for either party, upon the return of the execution of the writ by the sheriff, if there had been any misconduct upon his part or that of the inquest, or misapprehension of the law as it appertained to the execution of the writ, or in ascertaining the value of the land, which was to guide and direct them in laying off the widow's third of it, to have applied to the court below, who could have inquired into the matter of fact which might have been alleged, and whose duty it would have been to have granted such relief as might have been necessary to have secured a faithful execution of the writ of seizin upon legal principles: but matters alleged as ground of complaint and error, which are *de hors* the record, cannot be inquired into by this court upon writ of error.

The order of the court below setting aside the inquisition as to damages and costs is affirmed; but its judgment that the defendant below recover one third of the seventy-eight dollars annually, as found by the inquest is reversed, and the inquisition set aside *in toto,* and the record remitted, that the court below may award a new writ of seizin, if demanded, upon the judgment of the same court rendered upon the verdict.